IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASMINE MOUSTAFA,<br>　　　Plaintiff<br>v.<br><br>WALMART STORES, INC. Richard Roe<br>(1 through X) (a person, persons or entity<br>whose identity is not presently known)<br>Their servants, agents, or employees, jointly<br>and severally or in the alternative,<br>　　　　Defendants<br><br>And<br>CITY FACILITIES MANAGEMENT (FL),<br>LLC as Third-Party and Direct Defendant | CIVIL ACTION<br><br>CASE NO.: 2:23-cv-00890<br><br>JURY TRIAL DEMANDED<br><br>*Electronically filed* |

The plaintiff, JASMINE MOUSTAFA, residing at 1147 Kennedy Boulvard, in the City of Bayonne, County of Hudson and State of New Jersey by way of Complaint says:

FIRST COUNT

1.  At all times herein mentioned, the defendant(s) WAL-MART STORES INC., And Richard Roe(I through X respectively) (a person, persons, or entity whose identity is not presently known at this time jointly, severally or in the alternative, were in possession and control of a certain premises situated at 150 Harrison Avenue in the Town of Kearny, County of Hudson and State of New Jersey.

2.  At all times herein mentioned, defendant(s) their servants, agent and employees, operated, managed and controlled said premises.

3   At all times herein mentioned, the building, entrances and exits, parking lot, public walkways above mentioned, aisles, shelves, shopping area and all other of the areas thereof of the store were public ways in common use by licensees, invitees, passersby, employees, guests and others.

4. At all times herein mentioned the plaintiff, JASMINE MOUSTAFA was lawfully on the above mentioned premises as an invitee and guest on the said property.

5. Defendants negligently and carelessly caused and permitted the aforementioned premises to be in a dangerous and defective condition which was due to the defendant(s) failure to control, operate and maintain said premises in a safe manner.

6. Defendants knew of the dangerous and defective condition for a long period of time prior to the plaintiff's injuries and upon information and belief created said condition.

7. On or about June 24, 2021, plaintiff, JASMINE MOUSTAFA, was legally on the aforementioned premises when she was injured due to the negligence of Wal-Mart Stores Inc.

8. As a result of the negligence and carelessness of the defendants the plaintiff sustained serious personal injuries of both a temporary and permanent nature with much pain, suffering and mental anguish. She was forced to undergo serious medical intervention to repair her injuries and had an extensive rehabilitation. Thus she was caused to expend large sums of money in order to cure her personal injuries and alleviate her pain, suffering and mental anguish.

WHEREFORE, the plaintiff, JASMINE MOUSTAFA, demands judgment against the defendant(s) for damages together with interest and costs of suit.

SECOND COUNT

1. At all times herein mentioned, the defendant(s) CITY FACILITIES MANAGEMENT (FL), LLC., And Richard Roe(II through X respectively) (a person, persons, or entity whose identity is not presently known at this time jointly, severally or in the alternative, were in possession, responsible for maintenance and control of a

certain premises situated at 150 Harrison Avenue in the Town of Kearny, County of Hudson and State of New Jersey.

2. At all times herein mentioned, defendant(s) their servants, agent and employees, operated, managed and controlled said premises.

3  At all times herein mentioned, the building, entrances and exits, parking lot, public walkways above mentioned, aisles, shelves, shopping area and all other of the areas thereof of the store were public ways in common use by licensees, invitees, passersby, employees, guests and others.

4. At all times herein mentioned the plaintiff, JASMINE MOUSTAFA was lawfully on the above mentioned premises as an invitee and guest on the said property.

5. Defendants negligently and carelessly caused and permitted the aforementioned premises to be in a dangerous and defective condition which was due to the defendant(s) failure to control, operate and maintain said premises in a safe manner.

6. Defendants knew of the dangerous and defective condition for a long period of time prior to the plaintiff's injuries and upon information and belief created said condition.

7. On or about June 24, 2021, plaintiff, JASMINE MOUSTAFA, was legally on the aforementioned premises when she was injured due to the negligence of CITY FACILITIES MANAGEMENT (FL), LLC.

8. As a result of the negligence and carelessness of the defendants the plaintiff sustained serious personal injuries of both a temporary and permanent nature with much pain, suffering and mental anguish. She was forced to undergo serious medical intervention to repair her injuries and had an extensive rehabilitation. Thus she was caused to expend large sums of money in order to cure her personal injuries and alleviate her pain, suffering and mental anguish.

WHEREFORE, the plaintiff, JASMINE MOUSTAFA, demands judgment against the defendant(s) for damages together with interest and costs of suit.

### DEMAND FOR INTERROGATORRIES

Plaintiff, JASMINE MOUSTAFA hereby demands that defendant answer Form interrogatories In accordance with the New Jersey Court Rules.

### JURY DEMAND

Plaintiffs, demands trial by jury on all issues of the foregoing Complaint.

### CERTIFICATION

I certify that the matter on controversy is not the subject matter of any other action pending in any other Court or other pending arbitration proceedings. No other action or arbitration proceeding is contemplated.

*Stanley R. Pietruska*

May 25, 2023                                Stanley R. Pietruska, Esq.